■ ROBERT E. MYSHRALL, Doing Business as LINCOLN MANOR NURSING HOME, Petitioner, v. HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents. Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated December 18, 1972, which, with respect to petitioner's nursing home in the Village of Ossining and after a hearing, refused to grant petitioner "a waiver of the relevant provisions of the Life Safety Code of the National Fire Protection Association (21st Ed., 1967)" and to certify petitioner "as a provider of skilled nursing home care" under the State "Medicaid" program established under title XIX of the Federal Social Security Act (U. S. Code, tit. 42 § 1396a *et seq.*). Determination confirmed, without costs (*Matter of Miramichi Nursing Home* v. *Lavine*, 42 A D 2d 570, mot. for lv. to rearg. granted 43 A D 2d 694). The stay granted in the order to show cause of the Special Term, Westchester County, instituting this proceeding, shall be deemed in effect and continued until two months after entry of the order to be made hereon, and for a further period, conditionally, as follows: 1. If, prior to the expiration of the two-month continuation of the stay, petitioner shall (a) complete the "Specified Corrections" hereinafter set forth and (b) submit to the respondent State Commissioner of Social Services a written application for a waiver and a continued certification as a Medicaid provider, based upon proof of completion of the "Specified Corrections", the stay shall be further continued pending determination by said commissioner of said application. 2. The specified corrections are as follows: (a) Extend the present automatic sprinkler system in the "original building" so that it shall extend into all parts of the facility, including the new addition, and shall be in accordance with section 10–234 of the Life Safety Code (21st ed., 1967). All alarms shall be coded and connected to the local fire and police departments; (b) Add a metal exterior fire escape to the original building; and (c) Remove the linen chute or make it conform to the Life Safety Code. In our opinion, the determination under review was supported by substantial evidence, but in the light of all of the evidence and in the interests of justice, a limited continuation of the stay heretofore granted should be granted to afford petitioner an opportunity to promptly make those Life Safety Code corrections which can reasonably be made, i.e., the above-mentioned "Specified Corrections" (to the extent not already done) and to apply for a waiver and a continued certification based on completion of these corrections (*Goldfeder* v. *Ingraham*, 42 A D 2d 978). However, unlike *Goldfeder*, we do not direct in advance that certification and waiver issue upon proof of compliance with these "Specified Corrections". Here, the local fire department is voluntary. Further, petitioner's fire protection program places heavy reliance on evacuation, yet on the third shift there are only two persons on duty. Under the circumstances, it will be incumbent upon petitioner to submit with his application evidence as to the response time and fire protection afforded by the Ossining Fire Department and to submit therewith further evidence as to the adequacy of the facility's fire protective staffing. We note that petitioner testified at the November 6, 1972 session of the hearing that the work to connect the facility's alarms to the fire department was in progress. He also testified that extension of the sprinkler system into the new addition "could be done in five days." Under all the circumstances, we are

continuing the stay for two months rather than the four-month extension granted in *Goldfeder (supra)*. Munder, Acting P. J., Martuscello, Shapiro, Brennan and Benjamin, JJ., concur.